# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS JEFFERSON FLEMING,    )
        Plaintiff,     )     **Civil Action No. 12-185 Erie**
               )
       v.         )
               )
PENNSYLVANIA PAROLE BOARD,    )
et al,             )     **Magistrate Judge Susan Paradise Baxter**
        Defendants.    )

## MEMORANDUM OPINION

Magistrate Judge Susan Paradise Baxter[1]

### A.  Relevant Procedural History

Plaintiff, a state inmate acting *pro se*, initiated this civil rights action on August 13, 2012. Plaintiff alleges that he has cancer of the spine and that "the State [has] showed deliberate indifference to [his] medical needs." ECF No. 8, ¶ 12. Plaintiff claims that a lack of medical treatment, beginning in April of 2012 upon his return to prison as a technical parole violator, violates his constitutional rights. As Defendants to this action, Plaintiff has named: "Pennsylvania Parole Board;" SCI Albion; Superintendent Harlow; "Medical Dept."; Maxine Overton; and "F-Unit Management Team."

In response to the complaint, Defendants filed a motion to dismiss. ECF No. 13. By Order of this Court, Plaintiff was advised that the motion to dismiss could be converted into a motion for summary judgment and was advised that he should file an opposition in accordance with the Federal Rules of Civil Procedure. ECF No. 16. Plaintiff did not file any brief in

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 4, 17.

opposition to the pending motion, but filed letters which have been reviewed by this Court. ECF Nos. 15, 18, 20-22.

By Memorandum Opinion and Order filed on September 11, 2013, I analyzed Defendants' pending dispositive motion and granted it in its entirety. ECF No. 23. Important to the analysis therein was the fact that Plaintiff had not filed any opposition to the motion.

On September 17, 2013, Plaintiff filed a "Response in Opposition" to the Memorandum Opinion claiming that he did not ever receive Defendants' motion to dismiss or any response order by this Court. In light of Plaintiff's representation in this regard, I directed the Clerk of Courts to reopen this case and to mail to Plaintiff the motion to dismiss and the supporting documents, as well as this Court's response order. I then allowed Plaintiff time in which to file an opposition brief to the motion to dismiss. See Text Order dated September 17, 2013.

Plaintiff filed an opposition brief, which has been reviewed by this Court. This issues and arguments presented in the Defendants' motion to dismiss are ripe for disposition by this Court.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552,

555 (3d Cir. 1969)("[W]e should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read 'with a measure of tolerance.'"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2) Motion to Dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations.

Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 3) Motion for Summary Judgment pursuant to Rule 56

Defendants have submitted evidence in support of the motion to dismiss.[2] Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). The burden then shifts to the non-

---

[2]  By Order of this Court, Plaintiff was notified, pursuant to the requirements of Renchenski v. Williams, 622 F.3d 315 (3d Cir. 2010), that this Court may convert the motion to dismiss into a motion for summary judgment. ECF No. 16. The docket indicates that this Order was re-mailed to Plaintiff by the Clerk of Courts on September 18, 2013, following the re-opening of this case.

movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322.  See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at *1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).


### C)  The Exhaustion Requirement

The PHS Defendants move for summary judgment on Plaintiff's claims arguing that Plaintiff has failed to exhaust his administrative remedies in accordance with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under
> section 1983 of this title ... by a prisoner confined in any jail, prisons,
> or other correctional facility until such administrative remedies as
> are available are exhausted.

Id.[4] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

The PLRA's exhaustion requirement "is a non-jurisdictional prerequisite." Small v. Camden County, ___ F.3d ___, ___, 2013 WL 4504761, at *2 n.3 (3d Cir. Aug.26, 2013).[5] The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005) (noting that the PLRA requires that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands

---

[4] It is not a plaintiff's burden to affirmatively plead exhaustion. Small v. Camden County, ___ F.3d ___, ___, 2013 WL 4504761, at *2 n.3 (3d Cir. Aug.26, 2013); Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Moreover, "the defendant must prove that the prisoner-plaintiff failed to exhaust *each* of his claims. There is no 'total exhaustion' rule permitting dismissal of an entire action because of one unexhausted claim. Small, ___ F.3d at ___, 2013 WL 4504761, at *2 (emphasis in original) quoting Jones, 549 U.S. at 220-24.

[5] "As such, just as subject matter jurisdiction, personal jurisdiction, and venue, exhaustion is a 'threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time.'" Small, 2013 WL 450476, at *3, quoting Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010). See also Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

compliance with an agency's deadlines and other critical procedural rules ...").  Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal."  Id. at 83.[3]

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218.  See also Spruill, 372 F.3d at 231 (having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default.").

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages.  First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days.  Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days.  Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days.  See Booth v. Churner, 206 F.3d 289, 293 n.2

---

[3] See also Spruill v. Gillis,  372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

(3d Cir. 1997), <u>aff'd</u>. 532 U.S. 731 (2001). Furthermore, the Department of Corrections grievance policy requires responsible individuals to be named or identified in the grievance. <u>Spruill</u>, 372 F.3d at 234.

The evidence before this Court reflects that Plaintiff has not exhausted his administrative remedies in accord with the requirements of the PLRA. <u>See</u> ECF Nos. 13-1, pages 1-5; 13-2, pages 1-3. Plaintiff has provided no evidence to the contrary as he must in the face of a well-supported motion for summary judgment. <u>See</u> <u>Celotex</u>. In his Opposition, Plaintiff summarily argues:

> Plaintiff did not fail to exhaust administrative remedies. Please check all the request slip from SCI Albion that I mailed to you. Furthermore during our first conference call concerning the issue herein[,] the Superintendent was made aware of my grievance, as was the grievance Coordinator Ms. Adams.

ECF No. 25, page 1.

Although Plaintiff has filed several letters on the docket, none of them provides evidence that he has fully exhausted any of his medical claims. This Court held a status conference on February 1, 2013 at which time Plaintiff's complaints about his medical care were discussed. However, a status conference is not a substitute for the official grievance process laid out at DC-ADM 804. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. at 218 ("Compliance with prison grievance procedures … is required by the PLRA to 'properly exhaust.'"). Accordingly, summary judgment should be granted in favor of Defendants.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS JEFFERSON FLEMING,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 12-185 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PENNSYLVANIA PAROLE BOARD,** | ) | |
| **et al,** | ) | **Magistrate Judge Susan Paradise Baxter** |
| **Defendants.** | ) | |

**O R D E R**

AND NOW, this 25th day of September, 2013;

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 13] is granted in its entirety. The Clerk of Courts is directed to mark this case closed.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge